# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | | |
|---|---|---|
| LAROY JONATHAN CLOYD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:14-cv-01498 |
| | ) | Judge Trauger |
| TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R

The court has received a letter from the petitioner (Docket No. 10), which the court construes as a motion to appoint counsel.

In his letter to the court, the petitioner states that he does not know enough law to represent himself. (Docket No. 10). He also states that he "need[s] someone to help" in this matter. (*Id.*)

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.,* No. 91-5759, 947 F.2d 947 (6th Cir. 1991)(citing *Willett* favorably).

The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

The petitioner's circumstances as described in his letter to the court are typical to most

1

prisoners and do not suggest anything exceptional in nature. Therefore, the petitioner's motion for the appointment of counsel (Docket No. 10) is hereby **DENIED** at this time. Should the petitioner's circumstances change or the facts of this case later reveal it to be necessary, the petitioner may refile his motion for the appointment of counsel.

The petitioner also asks in his letter what he is supposed to be doing with regard to his case. Nothing further is required from the petitioner at this time. The court is awaiting the respondent's response to the petition, which is to be filed within thirty (30) days of the date of the entry of the court's prior order. (Docket No. 4).

It is so **ORDERED**.

_____
Aleta A. Trauger
United States District Judge