UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| LAROY JONATHAN CLOYD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 3:14-cv-01498 |
| ) | Judge Trauger |
| STATE OF TENNESSEE, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM**

The petitioner, Laroy Jonathan Cloyd, proceeding *pro se*, is currently incarcerated at the the Metro-Davidson County Detention Facility in Nashville, Tennessee. Presently pending before the court are Cloyd's petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 (Docket No. 1), motion to subpoena attorneys (Docket No.17), and motion to subpoena court transcripts (Docket No. 18). Also pending is a Motion to Dismiss filed by the State of Tennessee. (Docket No. 13).

**I. Background**

On April 5, 2013, Cloyd pleaded guilty to a single count of burglary in the Davidson County Criminal Court. (Docket No. 14, Add. 1 at p. 2). He agreed to serve a six-year sentence in the Tennessee Department of Corrections. (*Id*., Add. 1 at p. 3). The petitioner did not appeal from his conviction or sentence. (Docket No. 1 at p. 2).

On February 19, 2014, the petitioner filed a petition for post-conviction relief in the Davidson County Criminal Court. (Docket No. 14, Add. 1 at pp. 148-56). He filed subsequent petitions for post-conviction relief on April 22, 2014, and June 6, 2014. (*Id*., Add. 1 at pp. 35-43, 59-66). On April 2, 2014, the post-conviction court entered an order denying relief, stating, "This

1

Court has reviewed the judgment and finds that [the petitioner] was awarded the pre-trial credit to which he was entitled and that this is the limit of the Court's jurisdiction on these issues." (Docket No. 14, Add. 1 at pp. 44-45). On July 23, 2014, the post-conviction court entered another order pertaining to the petition filed June 6, 2014, finding that the petition stated colorable claims with regard to the allegations of an involuntary guilty plea and ineffective assistance of counsel. (*Id*., Add. 1 at pp. 32-33). The post-conviction court appointed counsel and the matter remains pending. (*Id*.)

On July 23, 2014, Cloyd filed a *pro se* petition for writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 in this court. (Docket No. 1). He asserts that his guilty plea was involuntary and that he received ineffective assistance from his plea counsel. (*Id*. at 4-5). On August 1, 2014, the court ordered the respondent to file a response to the petition. (Docket No. 4). The respondent then filed a Motion to Dismiss based on the petitioner's failure to exhaust in state court the two claims he raises in the instant petition. (Docket No. 13).

**II.     Exhaustion of Administrative Remedies**

It is axiomatic that one may not seek federal *habeas corpus* relief until he has exhausted all available state remedies or demonstrated their inadequacies. 28 U.S.C. § 2254(B); *Hannah v. Conley*, 49 F.3d 1193, 1196 (6th Cir. 1995). Any alleged constitutional deprivation must be asserted through the state appellate process. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, [the Supreme Court] conclude[s] that state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review

process." *Id*. The burden is on the petitioner to demonstrate compliance with the exhaustion requirement or that the state procedure would be futile. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994).

Section 2254(b)(1) states in pertinent part:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b); *Rose v. Lundy*, 455 U.S. 509 (1982).

### III. Respondent's Motion to Dismiss for Failure to Exhaust State Remedies

The State of Tennessee seeks dismissal of the petitioner's instant § 2254 petition on grounds that the only claims raised in the petition, involuntary guilty plea and ineffective assistance of counsel, have not been exhausted in state court. (Docket No. 13). The record before the court shows that the post-conviction court has appointed counsel for the petitioner, and the matter remains pending. (Docket No. 14, Add. 1, at pp. 32-33). While the petitioner opposes the State's Motion to Dismiss, he does not dispute that his state post-conviction proceeding is ongoing. (Docket No. 19).

A petitioner has not exhausted his state remedies if "he has the right under the law of the State to raise, by any available procedure, the question presented" to the district court. 28 U.S.C. § 2254(c). Here, there has not yet been a ruling on the petitioner's post-conviction petition. Thus, the instant federal *habeas* petition presents no exhausted claims for review. *See Jones v. Steward,* 2014 WL 127486, at *2 (W.D. Tenn. Jan. 14, 2014)(finding that the § 2254 petition presented no

exhausted claims for review and dismissing the petition without prejudice).

The court has discretion to stay a prematurely filed § 2254 petition while the inmate exhausts his claims in state court. *See Rhines v. Weber*, 544 U.S. 269 (2005). Cloyd has not established that the court should exercise its discretion to do so in this case. He must await the state courts' resolution of his allegations of an involuntarily guilty plea and ineffective assistance before proceeding in this forum.

## IV. Certificate of Appealability

There is no absolute entitlement to appeal a district court's denial of a § 2254 petition. *Miller–El v. Cockrell*, 537 U.S. 322, 335 (2003); *Bradley v. Birkett*, 156 F. App' x 771, 772 (6th Cir.2005). The court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a § 2254 petitioner. Rule 11, Rules Gov'g § 2254 Cases in the United States District Courts. A petitioner may not take an appeal unless a circuit or district judge issues a COA. 28 U.S.C. § 2253(c)(1); *Fed. R.App. P*. 22(b)(1).

A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right, and it must indicate the specific issue or issues that satisfy the required showing. 28 U.S.C. §§ 2253(c)(2) & (3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Cockrell*, 537 U.S. at 336; *see also Henley v. Bell*, 308 F. App'x 989, 990 (6th Cir. 2009) (per curiam) (same). A COA does not require a showing that the appeal will succeed. *Cockrell*, 537 U.S. at 337; *Caldwell v. Lewis*, 414 F. App'x 809, 814–15 (6th Cir. 2011). Courts should not, however, issue a COA as a matter of course. *Bradley*, 156 F. App'x at 773.

In this case, reasonable jurists cannot conclude that the court abused its discretion in granting respondent's Motion to Dismiss. Thus, the court will deny a COA.

Rule 24(a)(1) of the Federal Rules of Appellate Procedure provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. However, if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal in forma pauperis, the prisoner must file his motion to proceed in forma pauperis in the appellate court. *See Fed. R.App. P*. 24(a)(4)-(5).

Here, for the same reasons it denies a certificate of appealability, the court determines that any appeal would not be taken in good faith.

## V.     Conclusion

For the reasons explained herein, the court finds that the State of Tennessee's Motion to Dismiss (Docket No. 13) will be granted for failure to exhaust state court remedies. Therefore, the petition will be denied, and this action will be dismissed **without prejudice** to refile once the petitioner has exhausted his state court remedies. The dismissal is also without prejudice with regard to the petitioner's ability to refile actions under 28 U.S.C. § 2241. The petitioner's motions to subpoena attorneys (Docket No.17) and court transcripts (Docket No. 18) will be denied as moot.

The court will deny a COA. Any appeal of the court's decision would not be taken in good faith.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge